**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2491

_____

UNITED STATES OF AMERICA

v.

CHARLES NAVARRO,
                                   Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-04-cr-00189-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2016

Before:  FUENTES*, SHWARTZ, and BARRY, *Circuit Judges*

(Opinion Filed:  August 25, 2016)

_____

OPINION**

_____

FUENTES, *Circuit Judge*.

    Charles Navarro appeals his 24-month sentence for violating the terms of his

supervised release.  His counsel has filed a motion to withdraw pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967).  For the following reasons, we will grant counsel's

motion and affirm the District Court's sentence.

---

* The Honorable Julio M. Fuentes assumed senior status on July 18, 2016.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In June 2014, while on federal supervised release, Navarro was arrested on various state offenses. He was detained in state prison until May 28, 2015, at which point he was convicted and sentenced in state court for driving under the influence, fleeing or attempting to elude an officer, and possession of a controlled substance. Navarro was granted immediate parole for time served. He was then transferred to federal custody pursuant to the petition for revocation of supervised release filed by his probation officer shortly after his arrest.

Navarro made his initial appearance in federal court on June 4, 2015, where the District Court ordered him detained until his revocation hearing on June 11, 2015. At the hearing, Navarro stipulated to the violation of his supervised release, and the District Court sentenced him to 24 months' imprisonment followed by 12 months of supervised release. Navarro did not object at the hearing but he now appeals his sentence. His counsel has filed an *Anders* motion to withdraw, after which Navarro filed a *pro se* brief. The Government has submitted a brief in support of counsel's *Anders* motion.

## II.[1]

We begin our review by considering whether counsel's brief fulfills the *Anders* requirements and whether our own independent review of the record reveals any nonfrivolous issues for appeal.[2] "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review under *Anders* to determine whether there are any non-frivolous issues for review. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

[2] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

2

appealable issues, and (2) to explain why the issues are frivolous."[3]  "[W]e confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief."[4]

The briefs identify the following four issues: (1) whether Navarro's revocation proceedings were properly initiated; (2) whether the revocation proceedings complied with Federal Rule of Civil Procedure 32.1 and due process; (3) whether the sentence imposed was reasonable; and (4) whether Navarro should have received credit on his federal sentence for time served on his state sentence.  We agree with counsel that these grounds for appeal are meritless.

*First*, there is no question that Navarro's revocation proceedings were properly initiated.  Navarro's probation officer initiated the proceeding by submitting a petition for revocation of supervised release with the District Court.  The petition requested that the District Court issue an arrest warrant in the form of a detainer for Navarro on the basis that his state charges violated the terms and conditions of his supervised release.  The District Court issued the warrant and Navarro was brought in for his initial appearance soon after he was released on his state sentence.  This method of initiating revocation proceedings is proper.[5]

*Second*, Navarro's revocation proceedings complied with both Federal Rule of Criminal Procedure 32.1 and due process.  Navarro claims that he should have been transferred to federal custody immediately after the probation office filed the revocation

---

[3] *Id.*

[4] *Id.* at 301.

[5] *See United States v. Ahlemeier*, 391 F.3d 915, 923-34 (8th Cir. 2004) (explaining that every circuit to have addressed the issue has held that probation officers may properly initiate revocation proceedings by petitioning the court)

petition, rather than after his state charges were resolved. Pro se Br. 7. But delaying Navarro's revocation hearing until after the resolution of his state charges was reasonable, especially since adjudication of the state charges was relevant to the revocation proceedings.[6] Navarro's initial appearance took place one week after he was released on his state sentence, and his revocation hearing took place the following week. Thus, any argument that Navarro did not receive a prompt hearing is without merit. Moreover, any assertion by Navarro of insufficiency of the evidence to revoke his supervised release is without merit since he stipulated to the violation. App. 30.

Navarro also seems to argue that his due process rights were violated when he was unable to make bail in state court due to the revocation petition alleging a Grade A violation based on the pending state charges. Pro se Br. 7-8. Navarro has not shown how or if the grading of his revocation petition impacted his bail. Indeed, the petition was not drafted until eleven days after bail was set in state court, and thus could not have prevented him from making bail. *See* App. 15-16. In any event, at the time the revocation petition was filed, Navarro was facing a Grade A violation.

*Third*, Navarro's sentence was procedurally and substantively reasonable.[7] As Navarro stipulated to violating his supervised release by committing a Class C felony, the District Court was permitted to sentence him to up to 24 months' incarceration, and impose 12 months of supervised release.[8] The District Court gave meaningful review to 18 U.S.C. § 3553(a) factors, and it was permitted to take into consideration the gravity of

---

[6] *See United States v. Poellnitz*, 372 F.3d 562, 571 (3d Cir. 2004).
[7] *See United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010) ("This Court reviews the procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion.").
[8] *See* 18 U.S.C. § 924(a)(2); *id.* § 3583(e)(3), (h); *id.* § 3559(a)(3).

the underlying state offense that led to the violation, as well as Navarro's extensive criminal history.[9] Thus Navarro's argument that the District Court improperly "aggregat[ed]" his criminal conduct, Pro se Br. 9, is without merit. Indeed, the statutes governing sentencing for violations of supervised release mandate that the District Court consider the history and characteristics of the defendant.[10] The District Court concluded that, given Navarro's extensive criminal history and demonstrated recidivist behavior, it could see no reason why it would not impose the maximum sentence allowed. We cannot disagree.

Navarro's claim that the District Court was required to conduct a mental health evaluation before sentencing, Pro se Br. 11, is equally without merit. It is unclear the exact rule Navarro relies upon, but it is clear that Navarro never requested a mental health evaluation. The District Court recognized that Navarro may have substance abuse problems, and accordingly recommended that Navarro undergo psychological, psychiatric, and addiction testing while in prison and receive appropriate treatment. App. 39.

*Fourth*, credit determinations are made by the Bureau of Prisons, not the District Court.[11] In any event, it appears that Navarro was not entitled to credit on his federal sentence for the time he served on his state sentence. His argument to the contrary would amount to double credit, which is explicitly prohibited by 18 U.S.C. § 3585(b).[12]

---

[9] *See United States v. Young*, 634 F.3d 233, 238-39 (3d Cir. 2011).

[10] 18 U.S.C. § 3583(e) (requiring consideration of 18 U.S.C. § 3553(a)(1)).

[11] *See United States v. Wilson*, 503 U.S. 329, 331-33 (1992).

[12] *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*.") (emphasis added).

5

## III.

Counsel's brief satisfies the requirements of *Anders*, and Navarro's *pro se* brief fails to raise any non-frivolous issues for appellate review.[13]  Because our independent review of the record confirms that there are no non-frivolous issues for appeal, we will grant counsel's motion to withdraw and affirm the District Court's sentence.[14]

---

[13] Navarro also argues that he received ineffective assistance of counsel.  Pro se Br. 20. Ineffective assistance of counsel claims are generally improper on direct appeal.  *See Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014).  Such a claim may only be brought on direct appeal where there is either a sufficient record to fully assess counsel's effectiveness or where no possibility of collateral review exists.  *Id.* at 164.  Neither is true in this case.  Therefore, Navarro has not presented a non-frivolous argument.

[14] Appellant is hereby advised that under the Criminal Justice Act, counsel is not obligated to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court.  *See also* L.A.R. 35.4; 109.2(b).  If Appellant wishes to pursue these avenues, he must do so *pro se.*  Appellant should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Appellant may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to the Appellant.